### Edmund Hall v. John McEwen.

*Contract : Waiver of Warranty.* Logs were bought by contract at a certain price and warranted to cut a certain proportion of lumber of first quality. The contract provided in detail the tests for determining the quality. The purchaser rendered it impossible to apply the tests agreed upon: *Held,* that he had waived the right to insist upon the warranty and must pay the full contract price.

*Heard and decided July 12.*

Error to Wayne Circuit.

This was an action of assumpsit brought by Edmund Hall v. John McEwen upon a contract to deliver two million feet of pine saw logs, which were to be "of such classes or qualities that with judicious and careful sawing into lumber, they should yield at least twenty per cent 'upper' qualities." The contract provided a mode of determining the quality of the logs, in case the defendant was not satisfied, upon delivery, that they would yield twenty per cent above common; and it also provided another mode by which the plaintiff, at his option, might compensate the defendant, if the logs should fail to be of the quality required.

The cause was tried before a referee, who found, as facts, that the defendant did not notify the plaintiff of his dissatisfaction with the quality of the logs delivered, so that the provisions of the contract for the determination of the quality could be carried out; nor did the defendant afford the plaintiff an opportunity, as required by the contract, to exercise his option as to the mode of compensating the plaintiff for any defect in quality that might be found to exist. And the referee found as conclusions of law, that the "defendant having failed to give the plaintiff the benefit of his election to take away a sufficient amount of common and culls to leave twenty per cent of upper qualities in the remainder, cannot now claim that the lumber fell short of the warranty;" and "that the plaintiff was

entitled to recover the sum of $2,253,01 which includes interest to the date of the referee's report.

On exceptions, the Circuit Judge set aside the conclusions of the referee and found a judgment for the plaintiff of $1,857,03 ; which judgment the plaintiff below brings into this Court by writ of error.

THE COURT held, that the contract having provided in detail the tests by which the parties should ascertain whether the logs would cut the proportion of the designated quality, which the contract demanded ; and the defendant having rendered it impossible to apply these tests, he had waived his right to insist upon the warranty and must pay the contract price for the logs ; and the plaintiff therefore had judgment for the full amount as found by the referee.

*Geo. A. Wilcox*, for plaintiff in error.

*D. C. Holbrook*, for defendant in error.